The defendant ought to have pleaded that in abatement, if he supposed it would have been of any advantage to him; for by pleading over to the action he has admitted himself to be a lawful defendant. Wherever a plea is pleaded which according to the order of pleading is subsequent to another which might have been of advantage had it been pleaded at the proper time, he thereby waives the matter that was proper to be exhibited in that former plea; otherwise, there would be the greatest confusion in trials at law. The plaintiff would constantly be turned round upon objections he did not expect, and of course not prepared to combat. It would also be productive of a great waste of time were the court and jury to take up every objection which might be made through every stage of the proceeding and endeavor to ascertain its reality. The rules of pleading have (217) been formed with great wisdom, and with a view to the prevention of these mischiefs, and if observed the parties will never suffer injustice, at the same time that the weight of the whole cause will be reduced to one or two points, of which both parties are apprised by the pleadings. This objection, therefore, cannot be taken upon these issues. Gilb. Law Ev., 168; Co. Litt., 283 a; 1 Rep., 119. Also this objection is not good for another reason. 1789, ch. 57, directs that in all cases of joint obligations or assumptions of copartners or others, entered into *Page 164 
after the passing of that act, might be sued upon in the same manner as if they were joint and several, and this is a joint obligation entered into after the passing of that act. The plaintiff had a verdict and judgment.
See Brown v. Clary, ante, 107.